**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

KEITH D. LAMB, JR.,

       Plaintiff,

v.                                             Case No. 21-10776

AMP RESIDENTIAL, MANAGEMENT LLC,
and APARTMENT MANAGEMENT
PROFESSIONALS, LLC,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANT AMP'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff Keith D. Lamb, Jr., brings this action alleging claims under the Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2202, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). (ECF No. 1-1.) He claims that he was "employed with Defendants" AMP Residential, Management LLC ("AMP") and Apartment Management Professionals, LLC, ("Apartment Management"), who allegedly "created a discriminatory, hostile and threatening work environment." (*Id.*, PageID.17.) In addition, Plaintiff asserts another individual employed by Defendants "falsely imprisoned [Plaintiff] . . . and facilitated the interrogation of Plaintiff [by police officers] at work." (*Id.*, PageID.21.)

The case was originally filed in state court, and on April 6, 2021, Defendant Apartment Management removed the case to federal court. (ECF No. 1.) On May 4, 2021, Defendant AMP filed a motion to dismiss and for summary judgment. (ECF No. 8.) It asserts that it is "a holding company for third-party contracts under the Herron

Property Management L.L.C. corporate umbrella" and "has never had any employees." (*Id.*, PageID.71.) According to Defendant AMP, although it has a very similar name to Defendant Apartment Management, it "has no affiliation or common ownership with . . . Defendant [Apartment Management]," and Plaintiff "was never an employee of [Defendant] AMP or Herron Property Management L.L.C." (*Id.*, PageID.71, 73.) Defendant AMP notes that Plaintiff's employment offer, and his paychecks and paystubs, were sent by Defendant Apartment Management from Apartment Management's office address in Indianapolis. (*Id.*, PageID.71-72; *see* ECF No. 1-2, PageID.32, 34; ECF No. 8-2, PageID.82.)

On May 25, 2021, Defendant Apartment Management filed a notice of concurrence with Defendant AMP's motion. (ECF No. 10.) Defendant Apartment Management stated that it agrees with Defendant AMP "in all material respects and concur[s] in the relief request[ed]." (*Id.*, PageID.96.) In the notice of removal, Defendant Apartment Management stated that it employed Plaintiff "from October 1, 2018 until . . . July 28, 2020." (ECF No. 1, PageID.7.) It explained that "[i]t is unclear why Plaintiff included [Defendant] AMP [in this lawsuit], but it is suspected that Plaintiff located [Defendant AMP] on Michigan's LARA business entity website and included it under the mistaken belief that it was related to [Defendant] Apartment Management." (*Id.*, PageID.6.)

Plaintiff had twenty-one days to respond to Defendant AMP's motion. *See* E.D. Mich. LR 7.1(e)(2). The deadline expired on May 25, 2021, and Plaintiff failed to file a response.

Although the instant motion asks both that the court to dismiss Plaintiff's claims against Defendant AMP under Federal Rule of Civil Procedure 12(b)(6) and grant summary judgment in favor of Defendant AMP, the court will consider only the request for summary judgment. To prevail on a motion for summary judgment, a movant must show—point out—that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party bears the initial burden of presentation that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no requirement, however, that the moving party "support its motion with [evidence] negating the opponent's claim." *Id.* (emphasis removed); *see also Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995).

Second, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis removed) (quoting Fed. R. Civ. P. 56(e)). This requires more than a "mere existence of a scintilla of evidence" or "'[t]he mere possibility of a factual dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). For a court to deny summary judgment, "the evidence [must be] such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. All reasonable inferences from the underlying facts must be drawn "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

Defendant AMP has asserted, with strong supporting evidence, that it has never employed Plaintiff, nor has it had any professional relationship, directly or indirectly, with Plaintiff. (ECF No. 8, PageID.71-73; *see also* ECF No. 1-3, PageID.37-38 (affidavit of the president of Defendant AMP's parent company); ECF No. 1-2, PageID.27-29 (affidavit of Defendant Apartment Management's CEO).) In fact, the record demonstrates that Defendant AMP is simply a holding company for third-party contracts and has never hired an employee. (*Id.*; ECF No. 1-3, PageID.37 (affidavit of the president of Defendant AMP's parent company describing AMP's corporate history).) The basis of Plaintiff's claims is that his employer harassed, intimidated, and threatened him due to his race, and the hostile environment his employer created constituted racial discrimination under ELCRA, as well as intentional and negligent infliction of emotional distress. (ECF No. 1-1, PageID.17-23.) While Defendant Apartment Management denies the validity of Plaintiff's claims, it accepts that it was Plaintiff's employer, and it states that it has never had a relationship with Defendant AMP. (ECF No. 1, PageID.7.) Paychecks, paystubs, and professional communications between Plaintiff and Defendant Apartment Management demonstrate that Apartment Management, not Defendant AMP, employed Plaintiff. (ECF No. 1-2, PageID.32-34; ECF No. 8-2, PageID.82.)

In the instant motion, Defendant AMP has come forward and substantively "demonstrate[d] the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Plaintiff did not file a response and has not provided the court with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. As a matter of law, a reasonable factfinder could not find, as Plaintiff

4

alleges, that Defendant AMP was Plaintiff's employer and harassed him on account of his race. Fed. R. Civ. P. 56(a). Thus, the court will grant summary judgment in favor of Defendant AMP on all counts of the complaint. Plaintiff's claims under ELCRA, IIED, and NIED against Defendant Apartment Management survive the instant motion. Accordingly,

IT IS ORDERED that Defendant AMP's "Motion to Dismiss and for Summary Judgment" (ECF No. 8) is GRANTED IN PART. Summary judgment is GRANTED in favor of Defendant AMP as to the claims under ELCRA (Count I), IIED (Count II), and NIED (Count III).

                                                 s/Robert H. Cleland              /
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: June 1, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2021, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner                 /
                                                 Case Manager and Deputy Clerk
                                                 (810) 292-6522